Alan **SAMMARCO**, Plaintiff
Below, Appellant,

v.

**USAA CASUALTY INSURANCE
COMPANY**, Defendant
Below, Appellee.

No. 489,2004.

Supreme Court of Delaware.

Submitted: April 27, 2005.
Decided: June 30, 2005.

Bernard A. Van Ogtrop (argued) and Robert K. Hill, Seitz, Van Ogtrop & Green, Wilmington, DE, for appellant.

Stephen P. Casarino (argued), Casarino, Christman & Shalk, Wilmington, DE, for appellee.

Before STEELE, Chief Justice, HOLLAND, BERGER, JACOBS and RIDGELY, Justices, constituting the Court en Banc.

HOLLAND, Justice:

This is an appeal from a final judgment entered by the Superior Court. The plaintiff-appellant, Alan Sammarco, brought a declaratory judgment action against the defendant-appellee, USAA Casualty Insurance Company ("USAA"). Sammarco sought to reform an automobile insurance contract to provide uninsured and underinsured motorist coverage ("UM/UIM") from $15,000/$30,000 to $300,000/$500,000. The Superior Court denied Sammarco's request and granted USAA's motion for judgment on the pleadings.

Sammarco contends that USAA violated Del.Code Ann. tit. 18, § 3902(b) by failing to inform him, in a meaningful way, that he had the option to purchase additional UM/UIM coverage up to his bodily injury liability policy limits. Del.Code Ann. tit. 18, § 3902(b) reads as follows:

Every insurer shall offer to the insured the option to purchase additional coverage for personal injury or death up to a limit of $100,000 per person and $300,000 per accident or $300,000 single limit, but not to exceed the limits for bodily injury liability set forth in the

basic policy.[1]

Based upon this Court's holding against it in *Mason v. USAA*[2] on the same issue of notice, USAA admits that it did not properly inform Sammarco of his statutory right to purchase additional UM/UIM coverage, and that reformation of the insurance contract between the parties is warranted. In fact, after Sammarco filed this lawsuit, USAA agreed to reform his policy to provide UM/UIM benefits of $100,000/$300,000. However, USAA refused Sammarco's request to reform the policy to provide UM/UIM benefits to the extent of Sammarco's bodily injury liability policy limits of $300,000/$500,000.

### Issue on Appeal

The only question presented on appeal is the amount of additional coverage Sammarco is entitled to receive by reformation of his UM/UIM policy with USAA. Sammarco contends that he should receive UM/UIM coverage equal to his bodily injury liability policy limits of $300,000 per person and $500,000 per incident because those limits were being offered by USAA when his UM/UIM Policy was issued. USAA argues that section 3902(b) limits mandatory UM/UIM insurance, including that required by contract reformations like this one, at $100,000 per person and $300,000 per incident. We have concluded that Sammarco is entitled to have his UM/UIM policy reformed to the same $300,000/$500,000 limits that are in his bodily injury liability policy with USAA.

### Facts

On May 2, 2004, Sammarco's minor son was seriously injured in an accident when an automobile being operated by Sammarco was hit head-on by an underinsured, drunk driver. At the time of the accident, Sammarco carried liability insurance with limits of $300,000 per person and $500,000 per accident through a contract with USAA. At the same time, Sammarco had UM/UIM motorist coverage with USAA at the statutory minimum of $15,000/$30,000.

USAA attached a declaration of coverages and corresponding costs for the various coverages that USAA offered, as Exhibit B to its Motion for Judgment on the Pleadings, as follows:

| UM/UIM limits | 1st Car | Add'l Car |
| --- | --- | --- |
| $15,000/$30,000 | $14.00 | $12.00 |
| $20,000/$40,000 | $17.00 | $14.00 |
| $25,000/$50,000 | $18.00 | $15.00 |
| $50,000/$100,000 | $23.00 | $19.00 |
| $100,000/$200,000 | $32.00 | $27.00 |
| $100,000/$300,000 | $33.00 | $27.50 |
| $300,000/$500,000 | $51.00 | $43.00 |
| $500,000/$500,000 | $64.00 | $55.00 |
| $500,000/$1,000,000 | $69.00 | $59.00 |
| $1,000,000/$1,000,000 | $85.00 | $72.00 |

The foregoing schedule reflects that Sammarco could have obtained UM/UIM coverage from USAA at the same level of his liability policy limits of $300,000/$500,000, for $51.00 a year.

The USAA declaration of coverages and offering materials also included the following statements:

● UM Coverage limits are initially issued at $15,000/$30,000 unless the coverage is rejected or a higher limit is selected. Future renewals will remain the same.

● We offer higher limits of UM, which you may select, but the UM limits selected must not exceed your policy's BI limit. To select a higher limit of UM coverage, you must check the appropriate box above, "UM Coverage Selection Option," and sign and date the "Acknowledgement of Coverage Selections" at the end of this form.

---

1. Del.Code Ann. tit. 18, § 3902(b).

2. *Mason v. USAA*, 697 A.2d 388 (Del.1997).

The record includes an affidavit of Alan Sammarco which asserts that he would have purchased UM/UIM coverage equal to his liability coverage of $300,000/$500,000, if he had been properly advised of his option to purchase the higher additional coverage.

### Prior Precedents Distinguished

Once again, we are required to resolve a dispute over the reformation terms of a UM/UIM automobile insurance policy.[3] Section 3902(a) requires insurers to offer a minimum amount of uninsured motorist coverage.[4] Section 3902(b) requires insurers to offer the insured the option to purchase additional uninsured and underinsured coverage "for personal injury or death up to a limit of $100,000 per person and $300,000 per accident or $300,000 single limit, but not to exceed the limits for bodily injury liability set forth in the basic policy." [5]

In *Arms*, the issue presented to this Court was an insured's *complete failure* to make the offer of additional coverage as required by section 3902(b). In *Arms*, we held that when an insured breaches its section 3902(b) statutory duty to offer increased UM/UIM coverage, it results in an implied extension of a continuing offer of additional UM/UIM motorist coverage.[6] In *Arms*, the insured had limits of $100,000/$300,000 in a bodily injury liability policy and the UM/UIM coverage was reformed to equal those amounts.

In *Mason v. USAA*,[7] the issue was this same insurer's alleged failure to make the offer of UM/UIM additional insurance that is required by section 3902(b) *in a meaningful way*—rather than making no offer at all, as was the situation in *Arms*. In *Mason*, we held that USAA's frequent mailings to that plaintiff did not constitute proper statutory offers of additional UM/UIM coverage within the meaning of section 3902. In *Mason*, the plaintiff sued to reform the terms of the UM/UIM insurance contract to the statutory amounts of $100,000/$300,000. Therefore, reformation beyond those statutory amounts was not an issue.

In *USAA v. Knapp*,[8] a case involving similar facts and—once again—this same insurance company, we held that, "[t]he statute, in plain language, requires insurers to offer UM/UIM coverage 'up to a limit of' $100,000/$300,000 or $300,000 for single limit coverage (or such lesser amount as are contained in the basic policy)." [9] In *USAA v. Knapp*, the Superior Court ordered reformation of the UM/UIM policy to equal the $300,000/$500,000 limits of the insured's bodily injury liability policy, even though those limits were in excess of the statutory amounts of $100,000/$300,000 for UM/UIM coverage that must be offered. In *Knapp*, however, there was no record evidence that USAA was offering UM/UIM coverage in excess of the statutorily mandated amounts. Therefore, in *USAA v. Knapp*, we held that there was no basis to order reformation of the UM/UIM contract beyond the statutorily mandated amounts, in the absence of record evidence that such higher

---

3. *State Farm Mut. Auto Ins. Co. v. Arms*, 477 A.2d 1060 (Del.1984).

4. *Id.*

5. *Id.*

6. *State Farm Mut. Auto Ins. Co. v. Arms*, 477 A.2d 1060 (Del.1984).

7. *Mason v. USAA*, 697 A.2d 388 (Del.1997).

8. *USAA v. Knapp*, 708 A.2d 631 (Del.1998).

9. *Id.*

coverage had been offered but not in a meaningful way.

### Statute Preserves Contract Rights

In *Humm v. Aetna Casualty,* we held that the focus of section 3902(b) is to make additional UM/UIM coverage available above the basic minimum uninsured coverage and "then allow the insurer and the insured to engage in traditional means of contracting; that is by an offer and an acceptance."[10] In this case, USAA voluntarily offered to contract with Sammarco for UM/UIM coverage in excess of the statutory limits. Thus, unlike *Knapp,* the record reflects that USAA offered Sammarco the option of purchasing additional UM/UIM coverage equal to his liability limits of $300,000/$500,000 for a cost of $51. USAA admits, however, that offer was not made to Sammarco by USAA in a meaningful way.[11]

In accordance with our decision fifteen years ago in *Nationwide Mut. Ins. Co. v. Starr,* Sammarco's right to reform his UM/UIM policy with USAA is based upon the public policy identified by this Court in *Arms* and derived from the legislative in-

tent of section 3902.[12] Since USAA's offer of additional coverage did not comply with the notice required by section 3902, USAA's offer to contract at those higher limits was continuing and could be accepted by Sammarco, at any time—even as in *Arms,* after an accident.[13] Therefore, Sammarco is entitled to reformation of his UM/UIM policy in an amount equal to the limits of his bodily injury liability coverage.[14] Consequently, we hold that Sammarco's UM/UIM policy must be reformed to provide coverage limits of $300,000 per person and $500,000 per accident.

### Conclusion

The judgment of the Superior Court is reversed. This matter is remanded for further proceedings in accordance with this opinion.

---

**10.** *Humm v. Aetna Cas. & Sur. Co.,* 656 A.2d 712, 716 (Del.1995).

**11.** *Mason v. USAA,* 697 A.2d 388 (Del.1997).

**12.** *Nationwide Mut. Ins. Co. v. Starr,* 575 A.2d 1083 (Del.1990).

**13.** *State Farm Mut. Auto Ins. Co. v. Arms,* 477 A.2d 1060 (Del.1984).

**14.** *Humm v. Aetna Cas. & Sur. Co.,* 656 A.2d at 716 (Del.1995); *State Farm Mut. Auto Ins. Co. v. Arms,* 477 A.2d 1060 (Del.1984).